IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02301-BNB

BROOKS TERRELL-BEY,

    Plaintiff,

v.

D. BERKABILE, Warden,
HALL, Ms., Warden,
JULIUS, Mr., Warden,
RANGEL, Ms., Unit Manager,
KUROSKI, Ms., Psyche Doctor, and
METZNER, Mr.,

    Defendants.

ORDER GRANTING PLAINTIFF LEAVE TO PROCEED PURSUANT TO
28 U.S.C. § 1915 AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Brooks Terrell-Bey, is in the custody of the federal Bureau of Prisons at the ADX in Florence, Colorado. Mr. Terrell-Bey has filed a Prisoner Complaint asserting deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He has also filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 13), which will be granted.

The Court must construe Mr. Terrell-Bey's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below,

Plaintiff will be directed to file an amended complaint.

Mr. Terrell-Bey alleges in the Complaint that he has been attempting to advance through the ADX programs, but "the defendant(s) have deprived [him] of such transfer." (ECF No. 4, at 5). Plaintiff further states that he has suffered sleep deprivation as a result and has filed grievances, to no avail. He alleges that he met with the Defendants on August 19, 2014, and requested "help," but the Defendants have not complied with his request. Mr. Terrell-Bey makes additional, unintelligible allegations that he is a diplomatic officer and an allodial land owner who has a "fee simple absolute claim to this matter." (*Id.* at 6).

The Complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Prolix, vague, or unintelligible pleadings violate Rule 8.

The Complaint fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Plaintiff must allege the specific acts of each Defendant that allegedly violated his rights. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* In order for Mr. Terrell-Bey to state a claim in federal court, his "complaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Furthermore, to state an arguable claim for relief under *Bivens*, Mr. Terrell-Bey must allege specific facts to show how each named Defendant personally participated in a deprivation of his constitutional rights. *See Kite v. Kelly*, 546 F.2d 334, 338 (1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Supervisors can only be held liable for their own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 [or *Bivens*] for their own culpable involvement in the violation of a person's constitutional rights."); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'").

Further, a prison official is not subject to liability under *Bivens* simply because he

or she denied a grievance.  The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Finally, Plaintiff's failure to progress in prison programs does not implicate the Constitution unless he can demonstrate an atypical and significant hardship in relation to the ordinary incidents of prison life.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir.1994) (finding that an inmate does not have a protected liberty interest in his prison classification under Federal or Colorado law) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)).  Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 13) is GRANTED.  It is

FURTHER ORDERED that Plaintiff file **within thirty (30) days from the date of this order** an Amended Complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov, and shall use that form in filing the Amended Complaint. It is

FURTHER ORDERED that Plaintiff's Motion to Amend the Pleadings (ECF No. 7) is GRANTED as follows: Plaintiff shall include all claims for relief and all Defendants in the Amended Complaint.  It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 (ECF No. 10) is DENIED as moot.  It is

FURTHER ORDERED that if Mr. Terrell-Bey fails to file an Amended Complaint that complies with this order within the time allowed, some or all of this action may be dismissed without further notice.

DATED November 17, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge